IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN T. SAULTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-01415 |
| ) | |
| STATE OF TENNESSEE, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Kevin T. Saulter, a prisoner in federal custody at FCI Talladega, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus (ECF No. 1), seeking relief from a 1999 state-court judgment for aggravated assault. In response, the State of Tennessee has filed a motion to dismiss the habeas petition on the grounds that it is barred by the statute of limitations. For the reasons set forth herein, the Court will dismiss the petition, but on the basis that, because Saulter is no longer in custody pursuant to the state-court judgment he seeks to challenge, the Court lacks subject-matter jurisdiction over his claims.

I.     PROCEDURAL BACKGROUND

On November 19, 1999, Saulter entered a guilty plea to one charge of aggravated assault and one charge of felony weapon possession, for which he received, respectively, a sentence of four years, suspended to probation, and a sentence of two years, also suspended to probation, both sentences to be served concurrently. Saulter did not pursue a direct appeal of that conviction, nor did he file a timely post-conviction petition.

Saulter seems to suggest that the sentences on the 1999 conviction have never fully expired, insofar as he asserts that the probationary period was "extended on several occasions and never officially terminated." (Habeas Petition, ECF No. 1, at 5.) The summary of Saulter's history of convictions provided by the Tennessee Court of Criminal Appeals in *Saulter v. State* ("*Saulter I*"), M2012-02373-CCA-R3-PC, 2013 WL 2313680, at *1 (Tenn. Ct. Crim. App. May 28, 2013), *application for permission to appeal denied* (Tenn. Oct. 16, 2013), indicates that a probation violation that occurred in September 2000 was "retired"

after a hearing and that a second probation violation hearing took place on November 13, 2002, at which time Saulter waived the hearing, conceding the violation. The trial court ordered him to serve 30 days at 100% and then to be placed back on probation for three years. *Saulter I*, 2013 WL 2313680, at *1. A third probation-violation warrant was issued approximately two years later. The petitioner again waived his hearing and, on January 28, 2005, the court "sustained the probation violation, placing Petitioner's sentence [in] to . . . effect for 5 years as a Range 1 Offender at 30% release eligibility." *Id.* at *2. The state court, at least by the time *Saulter I* was issued in May 2013, denying Saulter's petition for a writ of error *coram nobis*, apparently did not consider Saulter still to be in custody pursuant to that conviction or any other state conviction.

In January 2010, Saulter was indicted in federal court on charges of (1) being a previously convicted felon in possession of a firearm, (2) possession with intent to distribute more than 500 grams of cocaine, and (3) possession and use of firearm during and in relation to a drug-trafficking crime. *United States v. Saulter*, No. 3:10-cr-00002 (M.D. Tenn.) (Jan. 6, 2010 Indictment, ECF No. 1). The Court (Judge Aleta Trauger presiding) entered judgment on July 16, 2010 against Saulter pursuant to a guilty plea and plea agreement. (July 16, 2010 Order accepting guilty plea, ECF No. 39.) During the plea hearing, Saulter specifically testified that he was not on probation or parole from any other offense, essentially confirming that his 1999 sentence had fully expired. (Plea Hearing Tr., ECF No. 43, at 5.) In accordance with the terms of the plea agreement, the Court sentenced Saulter to the agreed term of 200 months of incarceration. This agreed-upon sentence was based on the parties' estimation that Saulter's final offense level for the count of conviction would be 31 and that, because he qualified as a career offender under U.S.S.G. § 4B1.1(a), he had a criminal history category of VI, resulting in an advisory sentencing range of 188 to 235 months of imprisonment. (Plea Agreement ¶ 10, ECF No. 39, at 15.) The career-offender status was based in part on the 1999 assault conviction.[1]

Saulter did not pursue a direct appeal of his federal conviction, but he filed a § 2255 motion challenging the sentence in that case in August 2011. Among other claims, Saulter argued in this motion

---

[1] As part of the plea agreement and in exchange for the agreed sentence of 200 months, the United States agreed to dismiss Counts 1 and 3 of the indictment, Count 3 being a weapon charge that, if the petitioner had been found guilty on that charge, would have entailed a mandatory minimum sentence of five years consecutive to any other sentence. (Sentencing Hearing Tr., ECF No. 42, at 2; Plea Hearing Tr., ECF No. 43, at 4.)

that his enhanced sentence was improperly based on a "void State conviction." *Saulter v. United States*, No. 3:11-cv-00825 (Memo. in Supp. of § 2255 Motion, ECF No. 2, at 11). He represented that he was, at that time, in the process of attacking his conviction in the state court and that he anticipated that the state court would "soon enter a Judgment vacating the Class C Aggravated Assault Conviction" that was used as a predicate offense for purposes of finding him to be a career criminal. He reserved the right to re-open his § 2255 motion to present a claim of "actual innocence" of being a career offender once the aggravated-assault conviction was vacated. The Court did not address this premature claim but denied relief on the other grounds asserted. *Saulter v. United States*, No. 3:11-cv-00825, 2012 WL 642762 (M.D. Tenn. Feb. 27, 2012). The Court subsequently denied not one but two motions to alter or amend judgment, and the Sixth Circuit dismissed Saulter's appeal as untimely.

Meanwhile, Saulter had filed his petition for the writ of error *coram nobis* in the state court in September 2011, seeking to expunge and vacate his 1999 state assault conviction on the grounds that it was constitutionally void. The state court denied this petition on the grounds that it was not timely and that, even if it were, the petitioner failed to state a cognizable claim for a writ of error *coram nobis*. *Saulter I*, 2013 WL 2313680, at *2. The Tennessee Court of Criminal Appeals affirmed the trial court's decision on the basis that the petition for the writ of error *coram nobis* was untimely under Tenn. Code Ann. § 27-7-103 and that the petitioner had not established that the statute of limitations should be tolled on due-process grounds. The court further found that the petition was untimely under Tenn. Code Ann. § 40-30-102 even if considered as a petition for post-conviction relief presenting claims of ineffective assistance of counsel. The court therefore did not reach the merits of the petitioner's claims. *Saulter I*, 2013 WL 2313680, at *4.

The petitioner filed his current § 2254 petition within one year of the state appellate court's denial of his petition for the writ of error *coram nobis* or for post-conviction relief. He argues that the motion is timely because the factual predicate for his claims was not developed or discovered until he was sentenced in his federal case in 2010 and that the limitations period should be tolled until his federal sentencing or until the resolution of his state post-conviction petition. (Habeas Petition, ECF No. 1, at 11–12.) The petitioner insists that he is "factually innocent" of the charge of assault. He asserts that he pleaded guilty upon the advice of counsel but that if he had been fully informed regarding the

consequences of pleading guilty, he would have insisted on going to trial and presenting a defense of self-defense. He claims that the state trial court failed to address him in open court to determine whether he understood all of the rights he waived by pleading guilty or whether there was a factual basis for his guilty plea.

## II. DISCUSSION

In his present habeas petition, filed under 28 U.S.C. § 2254, Saulter seeks relief from the 1999 assault judgment based on the state court's "disallowing him an opportunity to have his post-conviction claims involving void judgment, ineffective assistance of counsel, jurisdiction, equitable tolling, and actual innocence decided on their merits." (ECF No. 1, at 1.) He argues that this Court should consider his claims on the merit, vacate or expunge his 1999 state conviction, and re-open his § 2255 motion to resentence him in his federal case without the § 4B1.1 enhancement. (ECF No. 1, at 26.)

The State of Tennessee has filed a motion to dismiss the petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Rather than dismissing the petition on that basis, the Court finds that the petition must be dismissed for lack of subject-matter jurisdiction. The question of jurisdiction is a fundamental matter that the Court may consider *sua sponte*. *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993).

Under 28 U.S.C. § 2254, a federal court may "entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court construes this provision to mean that an applicant for habeas relief must satisfy the "in custody" requirement in order to vest the district court with jurisdiction over his petition. *Maleng v. Cook*, 490 U.S. 490–92 (1989). More specifically, the petitioner must be "in custody" pursuant to the conviction or sentence under attack at the time his petition is filed in order for the court to have subject-matter jurisdiction over the petition. *Maleng v. Cook*, 490 U.S. 490–92 (1989).

In *Maleng*, the Supreme Court specifically considered "whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction was later used to enhance the sentence imposed for a subsequent conviction. *Maleng*, 490 U.S. at 493. The Court held unequivocally that a petitioner in this situation is not "in custody" pursuant to

the earlier conviction. Instead, "[w]hen the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id.* A few years later, in *Daniels v. United States*, 532 U.S. 374, 382 (2001), the Court held that a federal prisoner generally cannot attack a prior state conviction used to enhance his federal sentence through filing a § 2255 motion, unless that conviction has already been set aside on direct or collateral review. The Court further noted that when a federal prisoner's prior state conviction has been used to enhance his federal sentence under the Armed Career Criminal Act, the petitioner's only recourse is to pursue whatever post-conviction or other channels might still be available for challenging the state sentence. If no such channels remain open, "because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," the petitioner is simply out of luck. *Id.*

Such is the situation here: The petitioner seeks to challenge his 1999 conviction on the grounds that this conviction was used as a predicate offense to find that he was a career offender when he was sentenced in federal court in 2010. The petitioner failed to bring a timely state post-conviction challenge to his 1999 conviction, and his attempts to bring a belated challenge were rebuffed by the state courts. Saulter insists that he did not fully understand the potential consequences of his guilty plea in 1999, and that if he had understood that it could lead effectively to the doubling of a federal sentence many years later, he would never have pleaded guilty.[2] This Court's hands, however, are tied by the holding in *Maleng*: The Court lacks jurisdiction over Saulter's petition, because the sentence imposed in 1999 has expired and the petitioner was not "in custody" pursuant to that conviction at the time his petition was filed. Saulter is out of luck: His petition is subject to dismissal for lack of subject-matter jurisdiction.

---

[2] Saulter's claims that his constitutional rights were violated and that the use of the prior unconstitutional conviction to enhance his later federal sentence is simply unfair are not sufficient to overcome the jurisdictional hurdle. As the Court further recognized in *Daniels*:

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim. One of the principles vindicated by these limitations is a presumption deeply rooted in our jurisprudence: the presumption of regularity that attaches to final judgments, even when the question is waiver of constitutional rights.

*Daniels*, 532 U.S. at 381 (internal quotation marks, citations, and footnotes omitted).

Moreover, even if the petitioner could establish that he was still "in custody" pursuant to the 1999 conviction at the time his petition was filed, his claims would be barred by the statute of limitations. The one-year statute of limitations pertaining to § 2254 petitions runs from the latest of four potential triggering events, only two of which would have potential relevance here:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [and]
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A), (D). Under subsection A, the limitations period expired a year after the 1999 conviction became final on direct review, sometime in 2000. Saulter argues that he did not discover the factual predicate of his claims until his earlier state conviction was used to enhance his later federal sentence and, therefore, that subsection D applies to extend the limitations period. The fact that the petitioner did not understand all the consequences of his plea, however, does not establish that the factual predicate of his claims could not have been discovered earlier through the exercise of due diligence. The petitioner has not established that he exercised due diligence. Subsection D does not apply.

Moreover, although the one-year statute of limitations is tolled during the pendency of a properly filed state post-conviction petition, 28 U.S.C. § 2244(d)(2), such statutory tolling does not operate to "'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Here, the petitioner did not file his state post-conviction petition until 2011, nearly twelve years after his 1999 conviction became final and long after the statutory limitations period had expired.

Nor could Saulter establish that he is entitled to equitable tolling of the statute of limitations. While the statute of limitations for habeas petitions may be subject to equitable tolling in "appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), a habeas petitioner is entitled to equitable tolling only if he can show that "(1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing." *Holland*, 560 U.S. at 649. The doctrine of equitable tolling is applied "sparingly" by

federal courts, and the party seeking equitable tolling bears the burden of proving he is entitled to it. *Robertson v. Simpson*, 624 F.3d 791, 784 (6th Cir. 2010). The petitioner here has not established either that some extraordinary circumstances stood in the way of timely filing nor, as stated above, that he pursued his rights diligently.

### III.     CONCLUSION

The petition will be dismissed on the basis that the Court lacks subject-matter jurisdiction over the petition. The Court notes in the alternative that, even if petitioner were still in custody pursuant to the state-court judgment he seeks to challenge, his petition would nonetheless be barred by the statute of limitations. Because the Court finds that the petitioner's claims do not merit further review, the Court will not issue a certificate of appealability.

An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge