IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN T. SAULTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-01415 |
| | ) Judge Trauger |
| STATE OF TENNESSEE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Currently pending in this action is a pro se motion by the petitioner, federal inmate Keven Saulter, for reconsideration of the court's order entered November 5, 2020. (Doc. No. 32.) In that November 5 order (Doc. No. 30), the court denied the petitioner's "Motion for a Writ of Error Coram Nobis From Unreasonable State Court Judgment Pursuant to the All Writs Act, 28 U.S.C. § 1651," by which he sought to have his 1999 state-court conviction for aggravated assault—a predicate offense to the application of the career offender enhancement to his federal sentence—vacated on due process grounds. The court denied the motion based on its lack of jurisdiction to issue a writ of error coram nobis upon a judgment not its own. (*See id.* at 4–5.)

In his motion for reconsideration, the petitioner argues that this court should have jurisdiction to consider his coram nobis petition because he has exhausted all available state-court remedies in seeking to vacate his 1999 Tennessee conviction on federal constitutional grounds, citing, *e.g.*, *Peterson v. State of Missouri*, 355 F. Supp. 1371 (W.D. Mo. 1973).

The district court in *Peterson* did entertain a federal coram nobis petition that attacked the validity of a state conviction, rejecting the state's argument "that coram nobis jurisdiction under the All Writs Statute does not lie in this Court to attack a state criminal conviction." *Id.* at 1377. The district court explained its exercise of jurisdiction as follows:

> Here, petitioner has been involved in litigation concerning alleged violations of his constitutional rights in these three state convictions for over three years. He has fully exhausted whatever state remedies were available to him, or attempted to exhaust those remedies without avail. Serious collateral consequences affecting his present [federal] incarceration have been alleged by the petitioner. Under these circumstances, petitioner should be given his day in federal court on the merits of his constitutional contentions.

*Id.*

However, the *Peterson* decision is a notable outlier among federal decisions reckoning with coram nobis jurisdiction, even within the Eighth Circuit where the *Peterson* court sits. *See McGhghy v. Hastings*, No. C03-0014-MWB, 2005 WL 2043794, at *4 (N.D. Iowa Aug. 24, 2005) ("In light of contrary, controlling precedent from the Eighth Circuit Court of Appeals, the court does not find *Peterson* to support the exercise of jurisdiction over McGhghy's claims in this action.") (citing, *e.g.*, *Booker v. State of Ark.*, 380 F.2d 240, 244 (8th Cir. 1967), *abrogated on other grounds by Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) ("[C]oram nobis relief as to Booker's Arkansas conviction, if available at all, is to be obtained only in the Circuit Court of Faulkner County, Arkansas. It is not available in the United States District Court for the Eastern District of Arkansas.")); *Robinson v. California*, No. CV 12-4285-SJO E, 2012 WL 1987167, at *1 (C.D. Cal. June 1, 2012) (citing authority from Second, Third, Fifth, and Ninth Circuits that "[c]oram nobis relief is not available in federal court to attack a state court conviction," and finding the "arguably contrary decision" in *Peterson* unavailing in light of controlling Ninth Circuit authority). The great weight of federal authority is against the exercise of jurisdiction under Section 1651 when the writ of error coram nobis is directed to a judgment not rendered by the district court. *See id.*

As referenced in this court's denial of the petitioner's coram nobis petition, the Sixth Circuit recognizes that "[t]he extraordinary remedy of coram nobis . . . is available only in the court which rendered the judgment under attack; it is not available in federal courts as a means of

attacking a state conviction." *Fegley v. McClain*, 802 F.2d 457 (Table), 1986 WL 17585 (6th Cir. 1986); *see also United States v. Watkins-El*, 37 F. App'x 716, 717 (6th Cir. 2002) ("the district court properly noted that the writ could not be used to attack Watkins–El's 1977 state conviction"). Consistent with this limitation on federal jurisdiction, the Sixth Circuit in a published decision has endorsed a district court's consideration of a coram nobis petition where the petitioner is serving a state sentence that was enhanced based on a prior federal conviction, and the prior federal sentence has already been served—the inverse of the scenario confronting this court, with the critical distinction that the district court was the convicting court. *See Flippins v. United States*, 747 F.2d 1089, 1090 (6th Cir. 1984) ("Flippins' petition for a writ of error coram nobis challenges a 1971 federal felony conviction. Flippins seeks removal of the present effects of the 1971 federal conviction under Kentucky's persistent felony offender statute."). Whereas here, because this court did not enter the judgment of conviction that the petitioner attacks via the writ of error coram nobis, it may not entertain his petition for such relief. Neither *Peterson* nor any other authority cited in the petitioner's motion for reconsideration supports this court's jurisdiction to issue a writ of error coram nobis vacating his 1999 state-court conviction.

Following the above precedent, the court adheres to its prior ruling that it is without jurisdiction to adjudicate the petitioner's coram nobis petition, regardless of his exhaustion of all available state-court remedies. His motion for reconsideration (Doc. No. 32) is **DENIED**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

3

Case 3:13-cv-01415   Document 33   Filed 12/03/20   Page 3 of 3 PageID #: 226